UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Juana Marin-Angel,

        Petitioner,                  Case No. 23-cv-3209 (JMB/LIB)

v.                                **REPORT AND RECOMMENDATION**

Michael Segal,

        Respondent.

Pursuant to a general referral made in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Juana Marin-Angel's Petition for a Writ of Habeas Corpus. [Docket No. 1]. Finding no hearing necessary, the Court issues the present Report and Recommendation.[1]

For the reasons discussed herein, the undersigned recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice as moot**.

I.        **Background**

From the record now before the Court, it appears that Petitioner is not a citizen of the United States. (See Final Administrative Removal Order [Docket No. 11-2]). At some time prior to April 20, 2010, United States Immigration and Customs Enforcement initiated removal proceedings against her. (See Id.). At the time of these immigration proceedings, she was being detained by Immigration and Customs Enforcement. (Id.).

---

[1] Upon review of the present record, the Court finds that a hearing is unnecessary in this action because a hearing on the present Petition would not aid the Court in its consideration of the present Petition. See Wallace v. Lockhart, 701 F.2d 719, 730 (8th Cir. 1983).

The immigration proceedings ultimately concluded in a Final Administrative Removal Order directing that Petitioner be removed to Mexico. (Id.). The Final Administrative Removal Order was served upon her on April 29, 2010. (Id.).

There is no indication in the present record, however, that Petitioner was removed to Mexico at that time. At some unspecified point in time prior to 2022, she was released from the custody of Immigration and Customs Enforcement.

On July 29, 2022, Petitioner pleaded guilty in the District of Utah to one count of distributing methamphetamine. United States v. Marin-Angel, 4:22-cr-9 (DN/PK) (11), Plea Hearing Minutes [Docket No. 238] (D. Utah July 29, 2022). On November 23, 2022, Petitioner was sentenced to a 30-month term of imprisonment to be followed by a 60-month term of supervised release. United States v. Marin-Angel, 4:22-cr-9 (DN/PK) (11), Sentencing Hearing Minutes [Docket No. 320] (D. Utah Nov. 23, 2022).

Petitioner initiated this action on October 17, 2023, by filing her Petition. [Docket No. 1]. At the time she initiated this action, Petitioner was serving her term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota. (See Petition [Docket No. 1]).

During her term of incarceration, the Bureau of Prisons ("BOP") reviewed Petitioner's circumstances to determine if she was eligible to apply First Step Act ("FSA") time credits to her sentence. (Inmate Data Sheet [Docket No. 11-1] at 2).[2] Upon review, the BOP determined that Petitioner was ineligible to apply time credits in order to reduce her sentence. (Id.). The BOP determined that Petitioner was ineligible to apply FSA time credits to her sentence because she

---

[2] The FSA contains various reforms, including the potential reduction of sentences for certain federal inmates through the accumulation of "time credits." See 18 U.S.C. § 3632. These "time credits" can be used to accelerate a prisoner's release date. See Id.

2

was subject to a final order of removal under immigration law. (Parrent Decl. [Docket No. 11] ¶ 4; see Final Administrative Removal Order [Docket No. 11-2]).[3]

On February 12, 2024, Petitioner was released by the BOP from her term of imprisonment. See https://www.bop.gov/inmateloc (searching Petitioner's inmate number 86910-509) (last visited April 23, 2024).[4]

## II. Discussion

Through the present action, Petitioner challenges the Bureau of Prisons' ("BOP") determination that she is ineligible to apply time credits under the First Step Act ("FSA"). (See Id.). In support of this challenge, Petitioner only argues that she is not subject to any final removal order. (See Id.). As relief, Petitioner seeks an Order of this Court requiring the Bureau of Prisons to apply an unspecified number of FSA time credits to her sentence thereby reducing her sentence. (See Id.).

Before the Court considers the underlying merits of the present Petition, the Court must first, in light of Petitioner's recent release from the custody of the Bureau of Prisons, ensure that the present Petition has not become moot since the time Petitioner filed her Writ of Habeas Corpus, [Docket No. 1], with this Court. The issue of mootness must be resolved before the Court reaches the merits of Petitioner's claim.

---

[3] As relevant to the present action, the FSA provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate described by statute. 18 U.S.C. § 3632(d)(4). Once earned the time credits may be "applied toward time in prerelease custody or supervised release." Id. § 3632(d)(4)(C). However, a "prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]" Id. § 3632(d)(4)(E).

[4] "The Court may take proper judicial notice of public documents such as the Bureau of Prisons' Federal Inmate Locator." Alford v. Rardin, No. 22-cv-2525 (JRT/LIB), 2023 WL 4976549, at *2 n.1 (D. Minn. July 5, 2023) (collecting cases), report and recommendation adopted, 2023 WL 4974786 (D. Minn. Aug. 3, 2023). Moreover, "[i]nformation obtained from the BOP's Federal Inmate Locator website is a sufficient basis for the Court to take judicial notice of a petitioner having been released from the custody of the BOP without the need for the Court to first seek confirmation from the BOP of a petitioner's release." Alford, 2023 WL 4976549, at *2 n.1 (collecting cases).

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395 U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996)). If it becomes impossible for the Court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

As observed above, the present Petition seeks an Order of this Court requiring the Bureau of Prisons to reduce Petitioner's sentence computation through the application of FSA time credits. As observed above, however, Petitioner has already been released from the custody of the Bureau of Prisons. Even assuming solely for the sake of argument that this Court found Petitioner's claim here to have merit, there is no longer any meaningful relief which this Court could provide.

The Petitioner's present claim was rendered moot by Petitioner's release from her term of incarceration. Thus, the present Petition is moot because there is no longer any live case or controversy to be resolved in the present proceeding. Other Courts have reached this same conclusion in circumstances materially similar to the present case. See, e.g., <u>Alvarado-Ortiz v. FPC Yankton</u>, No. 22-cv-206 (NEB/ECW), 2022 WL 4358112, at *2 (D. Minn. July 27, 2022), <u>report and recommendation adopted</u>, 2022 WL 4357544 (D. Minn. Sept. 20, 2022); <u>Huey v. United States</u>, No. 20-cv-1538 (PAM/ECW), 2021 WL 1842283, at *2 (D. Minn. Apr. 19, 2021), <u>report and recommendation adopted</u>, 2021 WL 1840027 (D. Minn. May 7, 2021); <u>Brown v. Segal</u>, No. 22-cv-3183 (PAM/LIB), 2023 WL 4034599, at *2 (D. Minn. May 23, 2023), <u>report and recommendation adopted</u>, 2023 WL 4034423 (D. Minn. June 15, 2023); <u>see</u> also <u>e.g.</u>, <u>Miller v. Whitehead</u>, 527 F.3d 752, 756 (8th Cir. 2008) (concluding that habeas petitions are rendered moot because the relief sought in the petitions had already been granted).

The Court's finding that the present Petition is moot does not end the Court's analysis. The Court must still determine if dismissal is appropriate. A habeas petition should not be dismissed as moot if any of the exceptions to the mootness doctrine apply: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue deemed wrong is capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume at any time; or (4) it is a properly certified class action suit." See <u>Sayonkon v. Beniecke</u>, No. 12-cv-27 (MJD/JJK), 2021 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)), <u>report and recommendation adopted</u>, 2012 WL 1622545 (D. Minn. May 9, 2012).[5]

---

[5] If a petitioner is challenging her underlying criminal conviction, a writ of habeas corpus is not automatically mooted upon her release from custody because habeas relief could still serve the purpose of eliminating some of the "collateral consequences that attached to the conviction as a matter of law." <u>Spencer</u>, 523 U.S. at 9 (citing <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968)). Such "collateral consequences" include restrictions on the right to engage in

The Court finds that none of these exceptions apply here. As an initial matter, there are no allegations of any continued or collateral injury stemming from the BOP's allegedly improper decision that Petitioner was ineligible to apply FSA time credits. Furthermore "a habeas petitioner cannot rely on the collateral consequences of [her] conviction to save [her] case from mootness if [she] is not actually challenging the validity of [her] conviction," Woodward v. Fondren, No. 8-cv-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008), and in the present case, Petitioner is not challenging the validity of her conviction, (see Petition [Docket No. 1]). Rather, Petitioner is only challenging the Bureau of Prisons' sentence computation. (See Id.). Thus, the collateral consequences exception does not apply to the present action.

Moreover, none of the other exceptions to the mootness doctrine apply to the present case. For instance, it is unlikely that the exact scenario underlying Petitioner's claim could repeat itself as Petitioner has been released from the incarceration she challenges in her Petition, and if she returned to federal custody, it would be due to the imposition of a new term of incarceration. Likewise, there is no indication that the BOP released Petitioner to evade judicial review, and this matter has not been certified as a class action. Accordingly, the Court finds that this case is moot, and no exception to the mootness doctrine applies.

As the present Petition is now moot and no exception to the mootness doctrine applies, the Court will not consider the underlying merits of Petitioner's claim nor render any opinion on that claim as any "[s]uch an opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008). "[A] federal court has no authority to give opinions upon moot questions or abstract

---

certain types of businesses or professions, the right to vote, the right to own a gun, and the right to serve on a jury. See Id. at 9.

propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) (alteration in Doe).

### III.    Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Marin-Angel's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice as moot**.

Dated: April 23, 2024                                                                          s/Leo I. Brisbois
                                                                                               Hon. Leo I. Brisbois
                                                                                               U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).